In re the MARRIAGE OF Kristin STEENHOEK and Kyle Nelson Steenhoek

upon the Petition of Kristin Steenhoek, Appellee,

and Concerning Kyle Nelson Steenhoek, Appellant.

No. 63805.

Supreme Court of Iowa.

May 13, 1981.

William W. Garretson, Des Moines, for appellant.

Bert A. Bandstra, Knoxville, for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

Kyle Nelson Steenhoek appeals from the economic and child-custody provisions of a dissolution decree entered June 25, 1979. We affirm and remand with directions to modify.

Kyle and Kristin Steenhoek were married August 3, 1973. Two children were born of the marriage—Kevin Kyle, born September 5, 1975, and Michael Berton, born January 12, 1978. The family lived on a farm operated by Kyle near Pella until the parties separated in November 1978.

The trial court entered a decree of dissolution on June 25, 1979, which was consistent with a findings of fact, conclusions of law, and ruling filed May 30. Kristin was awarded custody of the two children and child support in the amount of $150 per month for each child until the child reached age eighteen and graduated from high school. The property of the parties was divided according to values assigned by the trial court, with Kyle receiving credit for property he brought into the marriage.

On June 29 Kyle retained new counsel and served a motion to amend or modify the decree and a motion for a new trial. In these combined posttrial motions Kyle alleged discovery of material evidence subsequent to trial concerning Kristin's ability to care for the children and the valuation of the parties' property. On July 24, while the posttrial motions were still pending, Kyle appealed from the June 25 dissolution decree; but the notice of appeal expressly stated that appeal was taken without abandoning the pending posttrial motions. Pursuant to Iowa R.App.P. 12(f) Kyle then obtained an ex parte order from this court for a limited remand to the trial court to dispose of the posttrial motions. On remand the trial court declined to hear further evidence, however, and overruled the motions.

Kyle contends the trial court erred: (1) in refusing to hear evidence on the posttrial motions; (2) in not following established criteria in the division of property; (3) in granting Kristin custody of the children; and (4) in awarding excessive child support.

I. *Jurisdiction of the appeal.* The filing of Kyle's notice of appeal while his posttrial motions were still pending, notwithstanding the express reservation of those motions, raises the issue of whether the appeal was taken from a final judgment, as required by Iowa R.App.P. 1(a), or whether the appeal was taken prematurely. We therefore required the parties to address this issue.

A party may not appeal of right without entry of a final judgment. *Recker v. Gustafson,* 271 N.W.2d 738, 739 (Iowa 1978). This jurisdictional question may be raised, on our own motion, at any stage of the proceedings. *Id.* We find it unnecessary to decide whether Kyle appealed from a final judgment, however, because we agree with his contention that under the circumstances it is appropriate for us to entertain the appeal under Iowa R.App.P. 1(c).

Rule 1(c) provides that if an appeal is improvidently taken because the order from which the appeal is taken is interlocu-

tory, this court, rather than dismissing the appeal, shall treat it as an application for an interlocutory appeal under Iowa R.App.P. 2. As we have in two recent cases, *Anderson v. Low Rent Housing Commission*, 304 N.W.2d 239, 242 (Iowa 1981); *Smith v. Partnership of Korf, Diehl, Clayton & Cleverley*, 302 N.W.2d 137, 138–39 (Iowa 1981), we determine this case meets the requirements of rule 2.

II. *Refusal to hear further evidence on the posttrial motions.* The ex parte order for a limited remand obtained by Kyle from this court pursuant to Iowa R.App.P. 12(f) directed the trial court to hear evidence as well as arguments on the posttrial motions so the disposition thereof could be included in this appeal. Kyle contends the trial court abused its discretion by refusing to hear further evidence. We disagree.

In his motion for a new trial Kyle alleged discovery of material evidence that he did not discover, and by reasonable diligence could not have discovered, until after the trial. This evidence relates to the custody, child-support, and division-of-property provisions of the dissolution decree.

The proffered evidence concerning the custody determination included Kristin's admission that she had used marijuana, her statement that she gave the children breakfast cereal for supper, testimony that she allowed the children to wander away from home without proper parental supervision, and evidence that she worked in a supper club and did not devote her time to caring for the minor children. These allegations were supported by Kyle's affidavit as to his personal observations and conversations with others and the affidavit of a person who rented a garage in the backyard of the house in which Kristin lived, who observed Michael, at age one and one-half, without parental supervision for about five minutes.

Concerning the property division, Kyle complained that it was his belief that he would be awarded real estate containing a house valued by the trial court at $20,000. Kyle asserted that he believed value was irrelevant since the property was purchased with assets he brought into the marriage. He stated that subsequent to trial he learned that the property was worth $30,-000. This contention was supported by the affidavit of a real estate broker. Kyle also alleged that financial statements relied on by the trial court did not reflect the parties' true net worth at the time of dissolution. In relation to the child-support provision, the motion for a new trial and Kyle's attached affidavit claimed that Kyle's landlords had informed him after the trial that they would not allow a single tenant to rent the farm premises, which could impair his earning capacity.

When the posttrial motions were argued, upon the limited remand, the trial court stated that it did not believe it was obligated to hear additional evidence since the matter had been fully tried:

> Evidence was presented on both sides as to the value of the property, personal property and real estate owned by the parties, the farm holdings, the partnership interests and these matters were all completely gone into once during the trial and the Court doesn't feel that it would be sensible to now reopen this matter after the final decree in this court. You would never get a case completed if you would proceed in this way.
>
> This apparently would appear that as far as the valuation of the home is concerned, the respondent assumed he would be receiving it and had no objection to the valuations until the decree awarded the property to the petitioner and now he wants to offer some further evidence as to values, but the Court doesn't deem this is permissible under our Rules of Procedure. It is not proper in connection with a motion for new trial or to enlarge the findings or anything of that connection. Therefore, the Court is going to decline to hear any testimony. I think your statement may constitute an offer of proof.

The court then allowed Kyle to make a further offer of proof, but it found the offer unpersuasive: "The court doesn't feel there is any ground set forth in the motion to justify either a change in the findings or

a new trial and for these reasons the court is overruling the motion at this time."

■ Whether or not to hear evidence in conjunction with a posttrial motion is within the discretion of the trial court. *See Jurgens v. Davenport,. Rock Island & Northwestern Railway*, 249 Iowa 711, 722, 88 N.W.2d 797, 804 (1958). *See also* Iowa R.Civ.P. 245 (motion for new trial shall be in writing, and if based upon newly discovered evidence it *"may* be sustained and controverted by affidavits and heard pursuant to rule 116") (emphasis added); *id.* 116 ("Evidence to sustain or resist a motion may be by affidavit or in any other form to which the parties agree *or the court directs.*") (emphasis added). In determining whether a trial court has abused its discretion by refusing to hear evidence offered in support of a posttrial motion, consideration should be given to the entire record, including the testimony given at trial. *See State v. Carter*, 158 N.W.2d 651, 656 (Iowa 1968).

■ When adequate grounds appear for granting a new trial, it must still be shown: that the evidence is newly discovered and could not, in the exercise of due diligence, have been discovered prior to the conclusion of the trial; that it is material and not merely cumulative or impeaching; and that it will probably change the result if a new trial is granted. *Vanden Berg v. Wolfe*, 196 N.W.2d 420, 422 (Iowa 1972). We have examined all of the evidence de novo, including the trial record and the affidavits attached to the posttrial motions, and the offer of proof. We conclude the trial court did not abuse its discretion in refusing to hear evidence offered in support of the posttrial motions. The proffered evidence did not meet the standards enumerated in *Vanden Berg.*

The only evidence concerning custody presented by Kyle at trial was a statement that he loved his children. There was no evidence that would show Kyle to be the better custodian; nor was such evidence presented or offered in conjunction with the posttrial motions. Furthermore, Kyle has not shown that the events he complains of have adversely affected the children.

The evidence involving the value of the house could have been discovered prior to the conclusion of the trial. The same is true of the accuracy of the financial statements. Although Kyle's earning capacity may decrease, as indicated in his affidavit, the evidence on this matter is speculative and, therefore, did not warrant alteration of the child-support provisions of the dissolution decree.

It is apparent that Kyle was dissatisfied with the dissolution decree and wanted to relitigate the custody, child-support, and property-division provisions thereof. · We agree with the assessment of the trial court that Kyle has had his day in court.

■ We now turn to Kyle's assignments of error in the dissolution decree premised on the evidence presented at trial. Our review is de novo. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. In so doing we give weight to, but are not bound by, the findings of the trial court. *Boyes v. Boyes*, 247 N.W.2d 265, 267 (Iowa 1976). We therefore must ultimately determine this case on its own facts.

■ III. *Property division.* Kyle maintains the trial court erred in dividing the property of the marriage. He contends the court failed to follow the guidelines of *Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968), as modified by *In re Marriage of Williams*, 199 N.W.2d 339, 344–46 (Iowa 1972).[1] Specifically, Kyle complains that the real property awarded to Kristin was purchased with assets he brought into the marriage and should have been awarded to him, that the trial court erred in valuing the property at $20,000, and that the trial court's division of property treated the parties unequally. He further asserts that there was no showing that Kristin made a substantial contribution to the marriage property.

---

1. The criteria governing property division are now contained in § 598.21, The Code (1981). This provision is not applicable in the present case, however, since the trial had been completed at the time of its enactment.

The evidence presented at trial reveals that the parties separated after five years of marriage. At that time Kristin was twenty-two years old and Kyle was twenty-five. They lived on a farm near Pella. Kyle, a partner in a farming operation, had an income of $1200 in 1975, $8400 in 1976, $10,000 in 1977, and $22,500 in 1978, which was reduced by depreciation and other farm-related deductions to a self-employment income of $19,724. In addition to performing the duties of housewife and mother, Kristin had an income of $1678 from employment outside the home in 1978. At the time of the dissolution decree, she was employed as a secretary at $3.90 per hour and had a take-home income of $550 per month.

Kyle brought into the marriage an inheritance of $10,000, other funds, and interest thereon, which was kept in a separate bank account. In October 1974 this fund was used to purchase real property containing a house. The purchase price of the property was $17,750. During the marriage Kristin inherited $1000, which was used to purchase furniture.

A bank financial statement signed by Kyle listed the net worth of the parties at $94,590. The trial court reduced this figure by $13,000 to take into account the statement's over-inflated value of farm machinery, arriving at a final net worth of $81,590. After giving Kyle credit in the amount of $17,500 for the resources he brought into the marriage, the court divided the property of the marriage between the parties. Kristin was awarded the real property, valued by the court at $20,000, and $12,000 in cash, $6000 payable on June 1, 1979, and $6000 payable on June 1, 1980, with interest at the rate of 9% per annum beginning on June 1, 1979. The court also awarded Kristin two automobiles, having only slight value in excess of outstanding indebtedness thereon, and provided that Kristin was to pay the indebtedness.

Kyle was awarded his interest in the partnership, farm machinery, motor vehicles in his possession, and other property located at the farm. The court also provided that Kyle was to assume the indebtedness of the parties. In addition, each party was awarded the household furniture in their possession, with minor exceptions. The trial court's division of property resulted in Kristin receiving property valued at approximately $32,000 and Kyle receiving property valued at approximately $49,500, including the property he brought into the marriage.

Kyle erroneously contends that the real property belonged to him independent of the marriage. That property was purchased during the marriage and was placed in joint tenancy. Furthermore, Kyle received credit for the $17,500 purchase price, which he brought into the marriage. In the bank financial statement and a financial statement prepared for a temporary support hearing, Kyle valued the property at $17,500 and $18,000 respectively. Although Kyle had an opportunity to present additional evidence of value at trial, he failed to do so. He objected only after the property had been awarded to Kristin. The trial court's valuation of the property was based on the evidence presented by the parties, and Kyle cannot now attempt to refute this evidence.

Kyle also alleges error in the trial court's valuation of other assets and contends that this resulted in unequal treatment. An examination of the record fails to disclose any reason for us to disagree with the findings of the trial court.

Kyle's contention that there is insufficient proof of Kristin's contribution to the property of the marriage is also without merit. The record is sparse as to the respective duties of the parties in regard to the farming operation, care of the household, care of the children, and other contributions to the marriage. We cannot assume, however, that Kyle's contribution was the sole cause of the increase of the parties' net worth. From the record Kristin appears to have been industrious and contributed to the parties accumulation.

■ Contribution of each party to net worth by labor or otherwise is only one of many factors contained in the *Schantz* cri-

teria. Standard of living, present income, ability to pay, needs of the parties, the ages of the parties and of the children, and the duration of the marriage are other factors that should be considered. There is nothing in the record which compels us to conclude the trial court erred in applying these standards correctly.

One aspect of the property settlement must be modified, however. The trial court erroneously established the interest rate on Kristin's two installments of $6000 each at 9% per annum. Interest on judgments and decrees was statutorily set at 7% at the time the dissolution decree was entered. *See* § 535.3, The Code 1979. We therefore direct the trial court, upon remand, to modify the decree by changing the interest rate to 7%.

IV. *Child custody.* In *In re Marriage of Bowen*, 219 N.W.2d 683, 688 (Iowa 1974), we enumerated factors to be considered in custody cases and removed the inference that a mother is the better custodian. We elaborated on these factors in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). We have also stated that the status of children should be fixed quickly and not be disturbed needlessly thereafter. *In re Marriage of Bowen*, 219 N.W.2d at 687; *Jacobs v. Jacobs*, 216 N.W.2d 312, 314 (Iowa 1974).

As noted in division III, the evidence in the record relating to child custody is sparse. Kyle did not present any evidence to show he would be the better custodian; he testified only that he loved his children. The record does show that Kristin has had custody of the children since the parties separated in November 1978, however. There is no basis in the record for altering the trial court's custody determination. We therefore hold that the trial court did not err in awarding Kristin custody of the two children.

V. *Child support.* Kyle contends that since the house was awarded to Kristin, he should not also be required to pay $300 per month child support. He also claims that the child-support provision of

the dissolution decree is contrary to the directives of *Schantz*. We have carefully reviewed the record in light of the criteria enumerated in *In re Marriage of Zoellner*, 219 N.W.2d 517, 525 (Iowa 1974), and we find the child-support award to be equitable.

The award of the house to Kristin was part of the property division. Although it may be considered in determining the resources that will be necessary to care for the children, it is not a substitute for child support. Balancing the children's needs against Kyle's ability to contribute to their support, the award of $300 child support for two children is not unreasonable. We find no error on the part of the trial court in awarding child support.

Except as modified, the dissolution decree is affirmed.

AFFIRMED AND REMANDED WITH DIRECTIONS TO MODIFY.