In re the MARRIAGE OF David
L. RUSSELL and Judith A.
Russell.

Upon the Petition of David
L. Russell, Appellant,

And Concerning Judith A.
Russell, Appellee.

No. 90–1672.

Court of Appeals of Iowa.

Oct. 29, 1991.

Thomas P. Lenihan, Des Moines, for appellant.

Jill S. Rolek, Des Moines, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

David and Judith Russell were married on June 29, 1974. The district court dissolved this marriage on September 18, 1990, and modified the dissolution decree twice pursuant to Iowa Rule of Civil Procedure 179(b) to clarify certain aspects of the decree.

In its decree the district court divided the parties' assets and debts and awarded joint custody of the parties' three minor children; Michael, born October 15, 1974; Barbara, born December 5, 1978; and Jill, born March 27, 1985. The court placed primary physical care of the children with Judith. The court also found it would be in the children's best interests if the children and David attended professional counseling sessions before a specific pattern of visitation was established.

At the time of trial David was age thirty-eight, in good health, and a college graduate. Judith was age thirty-seven, in good health, and a college graduate. David worked for Tone Brothers, Inc. as a sales manager with a base salary of approximately $63,000 per year. David also received bonuses of approximately $6,000 per year. Judith worked as a librarian earning approximately $23,000 per year. In 1987 they purchased a home which the district court valued at $146,000 with an equity of $12,000. Their other significant assets included David's 401K account valued at $33,000, Judy's IPERS account valued $6,200, and $22,742 in cash that David had received as a net cash distribution when Tone Brothers, Inc. was sold to another company. In addition to the family vehicles and household furnishings held by each party, the parties had placed $4,600 into an escrow account for eventual division.

After detailing the parties' financial holdings, the district court divided the escrow account equally. It awarded to Judy her IPERS account as well as fifty percent of David's 401K plan. Judy received the parties' house, together with its mortgage of $134,000. The court ordered David to pay alimony to Judy in the sum of $1,000 per month for a period of five years. The court also established David's child support obligation at $1,070 and compelled him to purchase life insurance. Each party received a vehicle. The court ordered David

to pay $2,000 towards Judy's attorney fees and costs.

Following Judy's application to enlarge and expand the district court's findings of fact, the court observed that during the parties' separation David had withdrawn large amounts from the parties' cash of $22,742. After giving David a credit of $500 per month for his claimed expenses, the court considered the cash asset to be $18,742 and awarded half of it to Judy.

From these rulings David appeals claiming the trial court erred in (1) deviating from the child support guidelines in setting child support, (2) inequitably distributing the parties' property, (3) awarding alimony to Judy, and (4) failing to provide for visitation until postdivorce counseling was completed. Both parties ask for an award of appellate attorney fees.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ David claims the court erred by not following the permanent child support guidelines in determining the amount of child support. As to post-October 12, 1989 support orders, the district court has some discretion to vary the amount of child support from the guidelines in certain circumstances. These circumstances include a determination by the district court that the guidelines would be unjust or inappropriate. *In re Marriage of Bergfeld*, 465 N.W.2d 865, 870 (Iowa 1991). In making this equitable determination the court must make written findings using the following criteria:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor or

payee under the special circumstances of the case; and

(3) Circumstances contemplated in Iowa Code section 234.39 [cost of services provided by the Iowa department of human services].

*Id.*

■ In the present case, the trial court either deviated from, or chose not to apply, the child support guidelines when it directed David to pay $1,070 per month for the support of his minor children. No written findings using the above criteria appear in the record to justify deviating from the child support guidelines. Fairness and justice dictate the parties should be allowed to present evidence relative to the criteria set forth above. Therefore, we are compelled to remand this cause for further proceedings consistent with this opinion. Accordingly, we vacate the order fixing child support at $1,070 per month. If on remand the trial court determines the child support guidelines should apply, it will utilize the most recent guidelines in calculating the support obligation. *See id.* 465 N.W.2d at 871. David's bonus compensation is not guaranteed. It shall not be included in determining his monthly income. *See In re Marriage of Heinemann*, 309 N.W.2d 151, 152 (Iowa App.1981). Pending the hearing on remand, child support shall be paid as ordered by the original decree. We do not retain jurisdiction.

The dissent relies upon *In re Marriage of Lalone*, 469 N.W.2d 695, 698 (Iowa 1991), in support of its argument bonuses should be included as income for purposes of applying child support guidelines.

It is only appropriate we distinguish *Lalone* from this appeal and other traditional bonus payment cases. Our reading and interpretation of *Lalone* is, it is unique. Gary Lalone's base salary was $37,200; he also received a substantial yearly bonus based upon a percentage of his employer's profits. The bonus was paid each April. Gary's income (salary plus bonus) had averaged in excess of $100,000 for five years preceding the dissolution. For 1990 his salary and bonus was $144,428. It was clearly established Gary Lalone's annual

bonuses greatly exceeded his base salary and were in substantial amounts. It was established the bonuses had been paid regularly for the last five years before the dissolution trial. Most of the earnings received by Gary from his employment were in the form of an annual bonus. Our supreme court commented, "Although the amount of Gary's bonus depends on the success of his business, we believe the record shows that his income will remain at about its present level." *Id.* at 696.

In the instant case David testified he received a $6,000 bonus in 1990 and a $6,373 bonus in 1989. We find no other evidence in the record to establish David has received regular annual bonuses year after year as was established in *Lalone.* The two bonuses David received were less than ten percent of his base salary. David testified on cross-examination, "it is impossible to predict bonuses and profit sharing."

Based upon this record we observe David's employer has not established a practice of paying David a bonus for five or more years. There is no showing an annual bonus may be expected or guaranteed.

This case is clearly distinguished from *Lalone.* We determine *Lalone* is not controlling, and we do not apply or rely upon it in making our decision here today. *In re Marriage of Heinemann*, 309 N.W.2d 151 (Iowa App.1981), addressed the issue of overtime wages. At page 152 our court held:

> With regard to overtime wages, we believe that the amount of petitioner's child support obligation should be determined with reference to the amount of income he can actually *expect* to earn; it should not depend on the inclusion of income that is entirely speculative in nature and over which he had little if any control. (Emphasis in original.)

We consider *Heinemann* still viable law and controlling in this appeal. Bonuses, if any, David may receive in the future would be speculative in nature and over which he would have little, if any, control. Contrary to the dissents assertion, this is the basis for our determination.

The principle set forth in *Heinemann* has been in effect for ten years. It has been relied upon by Iowa's bench and bar in the past, and it may continue to be applied in a uniform manner to the guidelines in the future. We recognize there may be extraordinary or extreme situations arising from time to time. We are confident the lawyers and judges of our state will capably address and adjudicate those exceptional instances as was done in *Lalone.*

David also requests we strike the provision in the divorce decree requiring him to maintain $100,000 of life insurance payable to the children. We find no reason to grant such a request. The provision is equitable and under the circumstances will work no hardship on David.

David next contends the trial court's division of property is inequitable in the following respects: (1) Judy was awarded half of David's pension fund acquired during the marriage without a set-off for the value of her, pension benefits which were awarded entirely to Judy; (2) funds David expended for living expenses for himself and temporary support of Judy and the children were included in the property distribution; (3) household assets awarded to Judy were excluded from the property distribution; and (4) Judy was awarded the entire homestead equity.

The partners in the marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.-21(1). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App.1983).

We address the pension benefits first. Pension benefits are treated as marital property in Iowa and are properly subject to equitable distribution. *In re Marriage of Mott*, 444 N.W.2d 507, 510–11 (Iowa App.1989). In the present case, Judy

was awarded all of her pension and one-half of David's pension. To obtain a more equitable division we modify the trial court's decree and award each party fifty percent of the other's present retirement benefits.

We have reviewed David's remaining arguments regarding the division of the parties' funds, household assets, and homestead equity. We find the division of this property to be equitable and therefore affirm the trial court's decision with respect to these assets.

David also argues Judy is not entitled to an award of alimony or, in the alternative, the $1000 per month awarded by the trial court is excessive. When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432 (Iowa 1981). Relying on these principles, we find no reason to disturb the trial court's alimony award.

Finally, the trial court ordered reasonable visitation until David participated in postdivorce counseling. At such time as he completed the counseling sessions, David could apply for a specific visitation schedule. On appeal, David claims the trial court should have ordered specific visitation without the necessity for counseling. We disagree and affirm the trial court on this issue.

There is, however, another problem with David's appeal which requires some discussion. After David filed his notice of appeal, the trial court ruled on David's application for contempt. In its ruling, the trial court modified the dissolution decree to include a specific child visitation schedule for the parties. When an appeal is perfected, the trial court loses jurisdiction over the merits of the controversy. *In re Marriage of Novak,* 220 N.W.2d 592, 596 (Iowa 1974). The trial court may, of course, enforce its judgment during appeal unless a supersedeas bond is filed. *Lutz v. Darbyshire,* 297 N.W.2d 349, 352 (Iowa 1980). However, that is not the situation in the present case. Here, in addition to ruling on David's application for contempt, the trial court made a *new* order modifying the dissolution decree after the appeal was taken. It could not do so. The trial court's modification order is a nullity because it was made after the appeal was taken, when the trial court had lost jurisdiction.

Both parties ask for attorney fees for this appeal. Attorney fees are not recoverable as a matter of right, but rest within the discretion of the court. *In re Marriage of Oler,* 451 N.W.2d 9, 13 (Iowa App.1989). We order David to pay $1,500 toward Judith's attorney fees for this appeal. Costs of appeal are assessed against David.

AFFIRMED IN PART, MODIFIED IN PART, AND REMANDED.

SCHLEGEL, P.J., concurs:

SACKETT, J., concurs in part and dissents in part.

SACKETT, Judge (concurring in part and dissenting in part).

I disagree with the majority's decision to exclude bonus income in determining a parent's income for purposes of applying the child support guidelines.

The child support guidelines as promulgated provide a minimal explanation of gross income. The majority of our court has elected to determine bonuses are not income under the guidelines. There is no basis for this determination. It will result in the guidelines not being applied in a uniform manner.

Bonuses are considered income for tax purposes. Consequently, a bonus will be taxed and will increase a parent's tax. The guidelines allow income tax to be deducted in determining net monthly income. There is no basis for excluding taxable income

from net monthly income in applying the guidelines.

To exclude bonus income will treat parents with the same taxable income differently. Two noncustodial parents may have the same income for tax purposes, but the noncustodial parent whose income comes from wages and investments would pay more child support than the noncustodial parent whose income comes from a bonus and wages and/or investments.

I find support for my position in *In re Marriage of Lalone*, 469 N.W.2d 695, 698 (Iowa 1991), where the court noted a bonus was income which had been taken into consideration in setting the alimony and child support amounts.