**In re the MARRIAGE OF Cindy Lou LEONARD and Thomas David Leonard**

**Upon the Petition of Cindy Lou Leonard, Appellee,**

**And Concerning Thomas David Leonard, Appellant.**

**No. 91–873.**

Court of Appeals of Iowa.

Jan. 29, 1992.

DONIELSON, Presiding Judge.

Cindy and Thomas Leonard were married in 1974. They had two boys: T.J., born in July 1978, and Joey, born in October 1984. The parties' marriage was dissolved in 1988, and the dissolution decree placed the two boys in the parties' joint legal custody and in Cindy's primary physical care.

In 1989, the older boy, T.J., was placed in foster care by the juvenile court as part of a CINA proceeding. The immediate cause for the foster placement was that T.J. had threatened Cindy with a knife. However, there was also evidence that T.J. had been physically abused by Cindy's new husband, Steve Ewing. In February 1990, after a period of foster care, the juvenile court placed T.J. in Thomas's home. The younger boy, Joey, remained in Cindy's home.

Thomas then sought to modify the dissolution decree, asking that both boys be placed in his physical care. After a hearing, the district court confirmed T.J.'s

placement in Thomas's physical care but directed that Joey remain in Cindy's physical care. Additionally, the court gave Cindy and Steve Ewing permission to move, with Joey, to Wisconsin. In light of the proposed move to Wisconsin, the district court made certain reductions in Thomas's visitation rights with Joey.

Thomas has appealed from the district court's modification decree. Cindy requests appellate attorney fees of $2,000.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

In a case such as this, our paramount consideration is always the long term best interests of the child. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983). In the case at bar, we are asked to decide whether the interests of a seven-year-old boy would be better served by placing him in the physical care of his father or leaving him in the care of his mother and her new husband.

Joey's father is a malevolent, self-described "jerk" with a narcissistic personality disorder. He is devoid of parenting skills. On the other hand, Steve Ewing, Joey's new stepfather, is a convicted child abuser with the mental capacity of a thirteen-year-old child. He, too, is devoid of parenting skills. Similarly, Joey's mother is most generously described as unwilling or incapable of looking after Joey's best interests.

From our review of the record we make no findings and reach no conclusions that differ from those made by the trial court. We, therefore, affirm the trial court's order. However, we strongly suggest that Joey's interests would most likely be best served by the filing of a Child in Need of Assistance petition in his behalf. We find that the adults in his life have behaved despicably as parents. It is quite apparent from the record that both children have suffered serious adverse effects as a result of such behavior.

The parties shall be responsible for their own appellate attorney fees. The costs of this appeal are taxed equally between the parties.

The judgment of the district court is affirmed.

AFFIRMED.

HAYDEN, J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I agree with the majority except I think the facts demand a petition be filed to seek an adjudication of these children as children in need of assistance. These families need some supervision to assure their children's safety.