**In re the MARRIAGE of Lana K. COURTNEY and Donald E. Courtney**

**Upon the Petition of Lana K. Courtney, Appellant,**

**And Concerning Donald E. Courtney, Appellee.**

**No. 91–773.**

Court of Appeals of Iowa.

Feb. 25, 1992.

William B. Norton of Norton & Norton, P.C., Lowden, for appellant.

Dennis D. Jasper of Stafni, Lewis, Jasper, Alexander and Preacher, Bettendorf, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Lana and Donald Courtney were married in 1961. Their two children are adults. At trial time, Donald had been a factory worker for J.I. Case for all his adult life. He earned $36,000 per year and was age forty-nine. Donald is unable to read or write.

Lana, age forty-eight at trial time, obtained a bachelor's degree and was working towards a master's degree in computer science. She had worked as a medical technologist earning $8.45 per hour until she quit her job. She was unemployed at the time the decree was entered, but expected to return to work some time in the future.

Lana left her job as a lab technician because her hands were shaking. This made her feel slow and clumsy. The parties did not then know that she suffered from Parkinson's disease.

The dissolution decree entered on December 19, 1989, provided:

The Respondent [Donald] shall pay alimony to Petitioner [Lana] in the sum of $600 per month for fourteen months and the sum of $400 per month thereafter for an additional twelve months at which time alimony shall terminate. Alimony shall terminate earlier if Petitioner [Lana] dies or remarries. The alimony shall commence as of January 1, 1990, and shall be paid through the Clerk of Court.

Donald appealed and Lana cross-appealed from the dissolution decree. That appeal was transferred to the court of appeals. While that appeal was pending, Donald filed an application to modify the dissolution decree to challenge the alimony provisions.

In his application, Donald alleged Lana had secured full-time employment as a lab technician. He asserted this constituted a substantial change in circumstances justifying termination of the alimony. Donald alleged Lana was earning $13 per hour plus overtime. He further alleged Lana had also moved in with her boyfriend with whom she shared living expenses. On the other hand, Donald claimed he was forced to take a reduction in pay from $800 per week to $600 per week because his previous job had been eliminated by his company.

Lana moved to dismiss Donald's application for modification, as the alimony issue was then on appeal. The district court denied Lana's motion. It terminated her alimony on April 15, 1991. At the modification hearing, the district court left the record open as to future alimony if Lana should become disabled due to her Parkinson's disease.

On August 27, 1991, the court of appeals modified the alimony provisions of the parties' dissolution decree by extending it from twenty-six months to thirty-six months. *In re Marriage of Courtney*, 478 N.W.2d 644 (Iowa App.1991).

Lana appeals from the district court's modification terminating her alimony. She believes the district court lacks jurisdiction to rule on the alimony issue while it was on appeal. We agree.

Our review is de novo. Iowa R.App.P. 4. Because the jurisdictional issue is dispositive, we confine our review to this issue.

We have recently addressed whether the district court may modify a dissolution decree while that decree is pending on appeal.

Judge Hayden, writing for the court, stated:

> When an appeal is perfected, the trial court loses jurisdiction over the merits of the controversy. *In re Marriage of Novak*, 220 N.W.2d 592, 596 (Iowa 1974). The trial court may, of course, enforce its judgment during appeal unless a supersedeas bond is filed. *Lutz v. Darbyshire*, 297 N.W.2d 349, 352 (Iowa 1980). However, that is not the situation in the present case. Here ... the trial court made a *new* order modifying the dissolution decree after the appeal was taken. It could not do so. The trial court's modification order is a nullity because it was made after the appeal was taken, when the trial court had lost jurisdiction.

*In re Marriage of Russell*, 479 N.W.2d 592, 596 (Iowa App.1991) (emphasis in original).

We conclude the district court lacked jurisdiction to modify alimony while the dissolution decree was pending on appeal. The practical effect of the district court's decision, if allowed to stand, would substantially alter the issues already before us on appeal. The result would be the very result sound jurisprudence seeks to avoid: two conflicting decisions on the same issue—one by the district court and one by the appellate court.

 This is not to say a party confronted with the problem here is without remedy. There is a proper method for returning jurisdiction to the district court while a matter is pending on appeal. Any party may apply to the Iowa Supreme Court, or to this court if the appeal is pending before us, for a limited remand on the particular issue(s) sought to be modified or addressed. *See Novak*, 220 N.W.2d at 596. This method, however, was not followed in the present case.

We accordingly vacate the the trial court's modification of the dissolution decree.

Costs of this appeal are taxed to the appellee. The parties shall pay their own attorney fees on appeal.

DECREE VACATED.