**In re the MARRIAGE OF Stacy K. WITZENBURG and Michael V. Witzenburg.**

**Upon the Petition of Stacy K. Witzenburg, Appellee,**

**And Concerning Michael V. Witzenburg, Appellant.**

**No. 91–1356.**

Court of Appeals of Iowa.

June 25, 1992.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Stacy and Michael Witzenburg were married in 1989. They have one child, Weston, a boy born in May 1990. Stacy was the child's primary caretaker during the marriage. Their marriage was dissolved in March 1991. The dissolution decree incorporated a stipulation providing Weston would be placed in joint legal custody and in Stacy's primary physical care. The stipulation and the decree also included language stating that if either party moves more than sixty miles from Oskaloosa, Iowa, that fact alone would constitute a material change of circumstance and either party could then seek a modification of the decree's custody and visitation provisions. This language was included largely because of a possibility that Stacy might move to Florida to be with her boyfriend.

Approximately eleven days after the dissolution decree was filed, Stacy did in fact move herself and Weston to Florida. Shortly thereafter, Michael filed the present application to modify the decree. He asked primarily that the child be transferred to his physical care. After a hearing, the district court declined to transfer Weston to Michael's physical care. In spite of Stacy's move to Florida, the district court concluded Michael had failed to prove that he could minister more effectively than Stacy to Weston's needs or that a custody change would serve the child's best interests. The district court did modify the dissolution decree's visitation and child support provisions. Michael appeals the district court's modification order.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Chris Shepperd of Kreykes & Shepperd, Pella, for appellant.

Randy S. De Geest, Oskaloosa, for appellee.

■ Once custody of a child has been fixed, it should be changed only for the most compelling reasons. *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980). "To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the child[ ]'s best interests make it expedient to make the requested change." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). The party seeking to take custody from the other must prove an ability to minister more effectively to the child's well-being. *Id.*

■ The trial court determined that although the parties stipulated a move of residency more than sixty miles from Oskaloosa would alone constitute a material and substantial change in circumstances, the court is not bound to change any of the provisions of the decree. We agree, and we find Michael has only shown that since the decree was entered Stacy and the child have moved to Florida and visitation problems have occurred. Michael has not shown a change of circumstance relating to Weston's welfare and has not shown he can minister more effectively than Stacy to the child's well-being.

Michael argues Stacy's relocation outside of Iowa is permanent and she does not support Weston's relationship with his father. We find there is evidence to support the trial court finding that Stacy "is vacillating in her decision as to whether or not to remain in Florida and from that evidence, the Court finds that the circumstances complained of are not yet established as permanent." Michael states Stacy has now followed her boyfriend and relocated to California; he believes this move could not have been in contemplation of the trial court at the time the decree was entered. The record shows Michael knew Stacy was talking about moving to be with her boyfriend prior to the decree.

■ In addition, Stacy offered to modify visitation due to her relocation. Michael now has visitation with Weston during the months of June, July, and August, for thirty days during Christmas, and any time Michael is able to travel to Stacy's residence or any time Stacy and Weston are visiting near Oskaloosa. The costs of transportation for visitation are split between the parties. We find Stacy does want Weston to have a relationship with his father.

We find there are no cogent reasons to change custody, but there are reasons to change visitation. We affirm the trial court's decision in this case modifying visitation and child support but denying further modification. Costs of this appeal are assessed to Michael.

AFFIRMED.