**Chad Noel JACOBSON, Appellee,**

v.

**Tracy Ann GRADIN, Appellant.**

**No. 91–1346.**

Court of Appeals of Iowa.

June 25, 1992.

Richard N. Tompkins, Jr., Mason City, for appellant.

Russell H. Schroeder, Jr., of Schroeder Law Office, Charles City, for appellee.

Heard by OXBERGER, C.J., DONIELSON, J., and McCARTNEY, Senior Judge.*

DONIELSON, Judge.

Chad Jacobson and Tracy Gradin are the unwed parents of Chace Noelan Jacobson, born January 16, 1989. Chad is listed as Chace's father on his birth certificate, and both parties admit Chad is Chace's father. Chad and Tracy lived together following the birth of their son until August 1989, when they parted company. Chace remained with Tracy when Chad moved out. Despite one problem with visitation, the parties managed to work out a liberal visitation schedule to assure maximum contact between Chad and Chace.

On November 2, 1990, Chad filed a petition for custody of Chace. After a trial on the petition, the district court concluded Chad was in the better position to minister to Chace's long-range best interests and awarded him Chace's physical placement.

Tracy appeals. Our scope of review in this equity action is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew

---

* Senior judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

In child custody cases, the first and governing consideration is the best interests of the child. Iowa R.App.P. 14(f)(15). The factors we consider are enumerated in Iowa Code section 598.41(3) and in the cases of *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983) and *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). Gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App.1985). The criteria governing custody determinations are the same regardless of whether the parents are dissolving their marriage or have never been married to each other. *Hodson v. Moore*, 464 N.W.2d 699, 700 (Iowa App. 1990).

Having reviewed the record, we find Chace's best interests are served by awarding his physical placement to his father, Chad. Chad is able to provide Chace with a more stable environment. Chad is employed and involved in a steady relationship. He and his girlfriend have purchased a home and are contemplating marriage. We believe Chad has been Chace's primary caretaker.

We also find Chad is better able to provide Chace with a positive role model. Chad appears to be an honest, hard-working person who cares very much for Chace. He tucks him in at night and tells him a story before he goes to sleep. He takes him to family gatherings for holidays, and he takes him to the fair, the zoo, the park and on camping trips. Chad has provided Chace with a library of children's books, and buys him clothing, cooks for him, takes him to the doctor, and provides medical insurance for him.

On the other hand, Tracy has failed to make sensible decisions regarding Chace's supervision and care. Tracy is unemployed and lives with her mother. The trial court characterized Tracy's lifestyle as wild. She seems more interested in attending concerts with her friends than with the proper care of her child. She has on occasion left Chace with babysitters without indicating when she would return. At the time of trial, she was six months pregnant, yet carrying on an intimate relationship with a man other than the father of the baby. Finally, we are not impressed with Tracy's sense of honesty. The record suggests Tracy attempted to mislead the court in her trial testimony on several subjects.

For these reasons, we believe Chad is better able to minister to Chace's long-term needs. We affirm the trial court's decision to award Chace's physical placement to Chad.

The costs of this appeal are taxed to Tracy.

AFFIRMED.