In re The MARRIAGE OF Richard J. DANNEN and Carol J. Dannen.

Upon the Petition of Richard J. Dannen, Appellee,

And Concerning Carol J. Dannen, Appellant.

No. 92–0706.

Court of Appeals of Iowa.

Oct. 5, 1993.

Robert A. Nading II of Nading Law Firm, Ankeny, for appellant.

Kermit L. Dunahoo of Dunahoo Law Firm, Des Moines, for appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

Richard and Carol Dannen were married for twenty years. The district court granted the parties' divorce on April 2, 1992. The parties separated in 1985, with Richard living in Iowa and Carol living in Michigan and Colorado. Richard is a graduate of Iowa State University with a degree in industrial education. Richard has also taken several classes in accounting and computer programming. Carol graduated with a degree in nursing from the University of Minnesota. In 1972, Carol received a bachelor's degree in music from Drake University. Carol next obtained a master's degree in education in 1979, paid for by her employer. Carol was a hospital administrator in Michigan before accepting a job as vice-president of nursing at a hospital in Colorado.

The district court set aside to each their own checking account. It awarded Carol her annuities, stock investments, and $12,000 of her savings account. The court lumped together all other assets and divided them almost exactly equally, imposing a $28,812 judgment against Carol to equalize the distribution of property.

Carol earned approximately $76,000 in 1991. Richard, however, earned only $31,658 in 1991 from his construction business. Richard's income, however, was even lower during the preceding five years. The record reveals that during the parties' marriage, Carol was a good saver and saved a great deal of money during the marriage. Carol bought much of the heavy equipment used in Richard's construction business.

At the time Carol moved to Michigan, she used $46,000 from the parties' joint savings to purchase a home for cash in Michigan. Richard kept an acreage in Ames which the parties had purchased in 1978 with a $10,000 down payment. Carol, however, continued to pay the mortgage on the property even after the parties' separation. Richard also kept all of his equipment, a mobile home, and all the household furnishings. Carol subsidized Richard after they separated. Carol purchased the home in Colorado with her savings.

Carol argues she was the primary wage earner during the marriage and that Richard should not receive 48% of the marital assets. Carol argues she provided the down payment on almost all of the property they owned and that Richard did not contribute financially at all. Carol argues if her home and Colorado and savings account were removed from her list of property awards, she would be left with only $35,230 worth of joint marital assets, while Richard would receive $157,012. Carol maintains Richard only used her for her income. She asserts when she asked Richard to pay back $15,000 he had borrowed from her, he filed for divorce. Carol basically argues she contributed most of the finances during the marriage and that Richard should not get a large share of the assets he did not contribute to physically or financially. Carol requests the $28,812 judgment be eliminated, and that the court impose a lien on Richard's property in the amount of $30,000.

We review equity matters de novo. Iowa R.App.P. 4. We examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the findings of the district court but are not bound by them. *Id.*

In our review of the property division portion of a dissolution decree, we are not required to achieve an equal percentage division, but rather that which is equitable and just under the circumstances. *In re Marriage of Webb,* 426 N.W.2d 402, 405 (Iowa 1988); *In re Marriage of McNerney,* 417 N.W.2d 205, 209 (Iowa 1987). Each partner is entitled to a just and equitable share of the property accumulated as a result of their joint efforts. *In re Marriage of Francis,* 442 N.W.2d 59, 62 (Iowa 1989); *In re Marriage of Hoffman,* 493 N.W.2d 84, 87 (Iowa App.1992).

After a careful review of the record, we determine Carol's Colorado house should not be considered the product of any joint effort and should be set aside to her before dividing the joint marital assets in divisions I and III of the decree. We affirm the distribution in division II in its entirety. We also accept the district court's valuation of the assets as fair and reasonable. We note the $20,800 payment on the Michigan real estate contract appears to have been included in both division I and division III and correct that clerical error in our division of the assets. We affirm the district court's determination that the total traceable proceeds of the sale of the Michigan real estate are $62,368 including interest, and that these proceeds are a marital asset subject to division between the parties. We also agree $12,000 of Carol's savings account came from her separate savings and should be set off to her.

Combining divisions I and III of the decree, we find these are the marital assets subject to equitable distribution:

| | | |
|---|---|---|
| 1. | Story county acreage | $59,744 |
| 2. | Dannen Construction | $40,000 |
| 3. | Proceeds from sale of Michigan real estate | $62,368 |
| 4. | Dodge Dakota | $ 3,945 |
| 5. | Dodge 150 | $ 1,000 |
| 6. | Mercury Sable | $14,000 |
| 7. | Plymouth | $   250 |
| 8. | Dodge Cornet | $   250 |
| 9. | Dodge Daytona | $ 1,215 |
| 10. | Richard's misc. personal property | $ 5,150 |
| 11. | Carol's misc. personal property | $ 2,500 |
| 12. | Richard's IRA | $15,350 |
| 13. | Carol's IRA | $ 6,376 |
| 14. | Iowa Hospital annuity | $17,284 |
| | TOTAL | $229,432 |

■ Considering the circumstances of this case and the factors enumerated in Iowa Code section 598.21(1) (1991), we find an equal division of the joint marital assets to be equitable and just. Following the district court's allocation of the assets, but giving the Michigan real estate proceeds to Carol, gives Richard property totaling $126,654 and Carol property totaling $102,778. We equalize the difference of $23,876 by requiring Richard to pay Carol $11,938 within sixty days of this decision.

We therefore modify the decree of dissolution to the extent required to conform with this decision and affirm the remaining portions.

**AFFIRMED AS MODIFIED.**

HAYDEN, J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent. I would affirm the trial court.

The question is whether the trial court made an equitable division of the assets of a twenty-year marriage.

Carol has appealed contending the allocation of assets, $192,000 to her and $161,000 to Richard, is not equitable. Carol contends she is entitled to a larger share because her earnings during the marriage exceeded Richard's. She was more frugal than Richard and for some seven years, the parties lived in separate states. Richard contends the allocation is fair, the Iowa courts have not allocated marital assets according to a percentage to spousal earnings and though the parties lived in separate states, they remained married and in continual contact with each other and he supported her in career advancements. Richard did not cross-appeal, but had contended at the trial court level that there should have been a more equal division.

While Carol's earnings have exceeded Richard's earnings, the trial court rejected Carol's contention this entitled her to a larger share of the assets and said of Carol's position, "[I]f Iowa courts were to adopt the position urged by Carol, in the more common circumstance where the husband's earnings are higher, sometimes substantially higher, than the wife's, the wife would be left in tenuous financial circumstances." I agree with the trial court's conclusion.

Approaching the issue from a gender-neutral position, *see In re Marriage of Bethke,* 484 N.W.2d 604, 608 (Iowa App.1992), I find the trial court did equity and I would affirm.