In re the MARRIAGE OF David
L. RUSSELL and Judith A.
Russell.

Upon the Petition of David L. Russell,
Appellant/Cross–Appellee,

and Concerning Judith A. Russell,
Appellee/Cross–Appellant.

No. 92–714.

Court of Appeals of Iowa.

Dec. 29, 1993.

Thomas P. Lenihan, Des Moines, for appellant.

Jill S. Rolek, Des Moines, for appellee.

DONIELSON, Judge.

David and Judith Russell commenced dissolution proceedings in 1990. The district court filed its decree on September 18, 1990, and ordered David to pay $1070 per month for child support. It also ordered David to pay $1000 per month alimony until September 1995. David appealed. The court of appeals remanded the case to enable the district court to determine whether deviating from the then current child support guidelines would be unjust or inappropriate and whether the new guidelines would apply.

A hearing on remand was held on February 27, 1992. At the hearing, David stipulated his monthly income, without prior credit for alimony payments, was $3,348.61. Judith's monthly income, without consideration of alimony income received, was $1,215.41. At the conclusion of the hearing, the district court granted each party twenty days within which to file written propositions. On March 19, 1992, the district court determined David

should pay $1172 per month child support. The district court denied the motion to reconsider. David appeals, and Judith cross-appeals.

David maintains his income should be reduced by $1000 per month in recognition of spousal support actually paid. David maintains pursuant to the guidelines, his actual income would be $2348.61 and his child support obligation would be $821.80 per month. David argues future adjustments in child support should be made in accordance with the child support guidelines. David also argues he should be awarded appropriate credits for prior child support "overpayments."

Judith asserts she should have been allowed to present evidence to establish David's true monthly income. She argues the old child support guidelines should have been applied to the sum of $3910 from October 1, 1990, until December 31, 1990. After that date, she claims the new child support guidelines should be applied. She also maintains the the district court, in the alternative, has available David's 1992 income for establishing future child support obligations. Judith also requests attorney fees on appeal.

■ In this equity action, our review is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

## I. Deduction of Alimony from Net Monthly Income

■ David claims his monthly income, for child support computation purposes, should be reduced $1000.00 per month in recognition of spousal support paid to Judith. He also claims his second appeal is necessitated by the trial court's continued reluctance to attempt full equity between the parties.

■ The uniform child support guidelines, promulgated by the Iowa Supreme Court, expressly enumerate those amounts which shall be deducted from gross monthly

income to determine net monthly income. Permissible deductions include items such as federal and state income tax, social security, and dependent health insurance coverage. Prior obligations of child support and spousal support shall also be deducted when actually paid pursuant to a court order. However, the guidelines make no mention of a deduction for a present spousal support obligation. Deduction of alimony payments from monthly income for the purposes of computation of child support is within the discretion of the trial court. *In re Marriage of Lalone*, 469 N.W.2d 695, 697 (Iowa 1991). The court may consider alimony in an attempt to do justice between the parties. *Id.*

The district court, in its discretion, did not deduct the alimony paid by David when computing monthly income for child support purposes. We find, given the substantial amount of monthly alimony appellant pays, it would be inequitable not to deduct the alimony when calculating his net monthly income. Over the five year term of the alimony payments, not deducting the payments from his monthly income increases the income on which his child support obligation is based by $60,000. If the current rates had been in effect for the entire five year period, appellant would have paid over $21,000 more in child support than he would have if the alimony were deducted. On remand, we instruct the district court to deduct appellant's alimony payments when calculating his net monthly income for child support purposes.

We determine, given the substantial amount of alimony paid by appellant, it would be equitable to deduct the alimony when calculating his child support payments. We also determine equity requires that David's child support obligation be recalculated when his obligation to pay alimony ends. Failure to do so would result in substantial injustice to the children.

## II. Adjustment of Future Child Support

David next contends the district court erred in failing to reduce future child support in accordance with the child support guidelines. He contends the amount of child support he pays should be reduced pursuant to the guidelines as each child reaches the age of majority. Judith agrees it would be equitable to strike the provision to which David objects.

The provision states as follows:

Child support shall not diminish at the time the oldest child reaches age of eighteen (18). At the time the middle child reaches the age of eighteen (18), child support shall be reduced by fifteen percent (15%) (unless application is made to the court otherwise).

■ Because both parties object to the provision and because the provision does not follow the child support guidelines by reducing support according to the guidelines as the children mature, we delete the provision from the decree. We note the district court may, of course, deviate from the child support guidelines but is required to provide a written finding that the guidelines would be unjust or inappropriate under enumerated criteria.

## III. Credit for Alleged Overpayments of Child Support

■ David next contends he is entitled to credits for alleged overpayments in child support for the period of time between the original decree and the child support determination upon remand. Of course, David is not claiming for credit following remand, since his child support payments were increased on remand, following adoption of new child support guidelines. He claims he is entitled to the credits because this court, in its previous decision in this case, vacated the child support order and remanded the case for a modified child support determination. *See In re Marriage of Russell,* 479 N.W.2d 592 (Iowa App.1991). The court of appeals also clearly stated that, pending the hearing on remand, the child support shall be paid as ordered by the original decree. *Id.* at 594. We find our previous statement ordering continuing support pending remand to be a temporary order. Accordingly, we find no overpayment.

## IV. Determination of David's Income

 Judith, in her cross-appeal, claims the district court erred in failing to allow her to present additional evidence regarding David's income. We agree. In our initial remand we stated:

> If on remand the trial court determines the child support guidelines should apply, it will utilize the most recent guidelines in calculating the support obligation.... David's bonus compensation is not guaranteed. It shall not be included *in determining his monthly income.*

*In re Marriage of Russell,* 479 N.W.2d 592, 594 (Iowa App.1991) (emphasis added). We intended the district court to make a determination of David's monthly income. Accordingly, we reverse this portion of the district court's judgment and remand with the following instructions. The parties should be allowed to provide the court with current information about both parties' income so the court can calculate the appropriate child support obligation from the guidelines accurately. The court shall calculate the parties' net monthly incomes and apply the current child support guidelines to determine the appropriate child support obligation.

 In our original remand of this case we directed the district court not to consider appellant's bonus income when calculating his monthly income. *In re Marriage of Russell,* 479 N.W.2d 592, 594 (Iowa App.1991). Since then the Iowa Supreme Court has clearly indicated that all income that is not anomalous, uncertain, or speculative should be included when determining a party's child support obligation. *See In re Marriage of Brown,* 487 N.W.2d 331, 333 (Iowa 1992) (including overtime pay unless it would result in injustice or require the payor to work overtime in order to pay support); *State Dept. of Human Services v. Burge,* 503 N.W.2d 413, 415 (Iowa 1993) (including incentive pay, even though Burge considered it speculative, because of his substantial work history including incentive pay); *In re Marriage of McGee,* No. 91–1795, at 2–3 (Iowa Aug. 25, 1993) (including incentive pay, citing *Burge* ); *In re Marriage of Lee,* 486 N.W.2d 302, 305 (Iowa 1992) ("The guidelines do not limit the definition of gross income to that income reportable for federal income tax purposes."). *Lee* includes as income items that are exempt from federal income tax. *Id.* These cases constrain us to modify our earlier opinion to the following extent. The district court on remand shall examine David's employment history over the past several years to determine whether his bonus income is anomalous or speculative or whether the evidence shows a substantial history of bonuses such that they should be included in his gross income. If the court determines the bonuses are not anomalous or speculative, it shall include them in calculating David's monthly income for child support purposes.

## V. Attorney Fees

Judith requests attorney fees on appeal.

 An award of attorney fees is not a matter of right, but rests within the court's discretion based on the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981).

 Because of Judith's financial position and her obligation to defend the decision on appeal, we award Judith $750.00 in attorney fees.

Costs of this appeal are taxed to appellant.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**