In re the MARRIAGE OF Joyce HAGGE and Robert Hagge.

Upon the Petition of Joyce HAGGE, Appellee,

and Concerning

Robert HAGGE, Appellant.

No. 57849.

Supreme Court of Iowa.

Oct. 15, 1975.

Raun, Franck, Mundt & Nepper, Denison, for appellant.

Nash, Eller, Brink & Claussen, Denison, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

MASON, Justice.

This is an appeal by Robert Hagge, respondent in a dissolution proceedings, from that portion of the decree dealing with the custody of a daughter and the award of alimony to the wife.

Robert and Joyce Hagge were married March 9, 1958. They lived together on a farm near Westside, Iowa, until July 1, 1974, when Joyce instituted the action for dissolution of the marital relationship giving rise to this appeal. Four children were born as the issue of this marriage: Kevin, January 7, 1960; Michael, August 11, 1961; Randall, May 18, 1964; and Brenda, August 14, 1970. At the time of the trial Robert was 38 and Joyce 36.

July 15, 1974, a hearing for temporary child custody, support and attorney fees was had. Temporary custody of Kevin and Randall was granted to respondent with whom they were living. Temporary custody of Michael and Brenda was granted to Joyce with whom they were living in Carroll. Conciliation was ordered and an attorney was appointed for the children.

November 19, 1974, the trial court filed its decree dissolving the marriage, granting permanent custody of the boys, Kevin, Randall and Michael, to Robert and permanent custody of Brenda to Joyce. Michael had been living with Joyce but before school commenced expressed an interest in going to school with his brothers rather than entering into a new school in Carroll.

Petitioner's application for allowance of attorney fees and expenses incurred has been submitted with this appeal.

Under our de novo review we have examined and studied the factual situation presented by the appendix and the briefs. Further factual recital would add nothing to our jurisprudence.

In considering alimony and property distribution the guidelines are set forth in *Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968), as modified in *In Re Marriage of Williams*, 199 N.W.2d 339, 345 (Iowa 1972). The factors to be considered in awarding custody of minor children are set forth in *In Re Marriage of Bowen*, 219 N.W.2d 683, 688 (Iowa 1974) and *In Re Marriage of Winter*, 223 N.W.2d 165, 166–167 (Iowa 1974). The well-established legal principles recognized in these cases have been repeated in many of our recent marriage dissolution cases. We need not elaborate on these principles and guidelines which this court has applied to the factual situation presented here.

In *McKay v. McKay*, 253 Iowa 1047, 1053, 115 N.W.2d 151, 154, we said brothers and sisters should not be separated and lose the benefit of constant association with one another except where the circumstances require it. We adhere to this principle and do not intend by this decision to indicate any departure therefrom. In our de novo review we have weighed the benefits to Brenda being with her mother as compared to the detriments occasioned by her being separated from her brothers and conclude divided custody appears to be the least detrimental available alternative. See *In Re Marriage of Winter*, 223 N.W.2d at 168, and authorities cited.

We conclude the decree should be affirmed. See *In Re Marriage of Prince*, 231 N.W.2d 22–23 (Iowa 1975).

Petitioner's attorney has filed an itemized statement for services rendered and expenses attributable to defending this appeal. We allow petitioner the sum of $750 as attorney fees and the further sum of $39.86 as reimbursement for expenses incurred, such sums to be paid by Robert Hagge within 90 days from the filing of this opinion. Costs of this appeal are taxed against respondent.

The case is therefore

Affirmed.