In re the MARRIAGE OF Lowell HEIN-EMANN and Nancy Heinemann.

Upon the Petition of Lowell Heinemann, Petitioner-Appellant, And Concerning Nancy Heinemann, Respondent-Appellee.

No. 2–65352.

Court of Appeals of Iowa.

May 26, 1981.

Ralph E. Laird of Laird & Carney, Waverly, for petitioner-appellant.

Gary J. Boveia of Boveia Law Offices, Waverly, for respondent-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Petitioner husband appeals from the economic provisions of the parties' dissolution decree, contending that the child support award and the property division were inequitable. We modify both the property division and the child support award.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4.

## I.

The fourteen-year marriage of Lowell and Nancy Heinemann was dissolved by a decree entered on May 5, 1980. The decree awarded custody of the parties' four minor children to the respondent wife, as well as child support in the amount of $800 per month (to be reduced by $200 per month as each of the two oldest children reach their majority). Although the respondent was not awarded alimony, she was awarded virtually all of the parties' net assets, including a house with an approximately $20,000 equity.

The respondent was a housewife and was employed outside the home only briefly during the marriage. The petitioner had a 1979 gross income of approximately $32,000, including overtime. Although he is currently earning $12 per hour, his ability to earn this wage depends on what is commonly known as piece work; his guaranteed hourly wage is actually $9.41. Petitioner's monthly paycheck is subject to deductions amounting to $428 ($408 for a loan to be paid off within a year of trial and $20 for union dues). The respondent estimated monthly expenses for herself and the four children at $1021.

## II.

Petitioner first contends that the child support award was inequitable and that there was insufficient evidence to support the trial court's determination of petitioner's income. We agree, and modify the decree accordingly.

■ Basically, the dispute over determination of the petitioner's current income focuses on two factors: the inclusion of overtime wages and the use of the $12 per hour figure as opposed to the $9.41 per hour figure. With regard to overtime wages, we believe that the amount of petitioner's child support obligation should be determined with reference to the amount of income he can actually *expect* to earn; it should not depend on the inclusion of income that is entirely speculative in nature and over which he has little if any control. Although overtime work has been available to the petitioner in the past, there is no guarantee that it will be available to him in the future and it should thus not be included in his income. We also conclude that the trial court properly determined petitioner's income by using the $12 per hour figure, since, based on his income for the two years prior to the decree, $12 per hour is probably a realistic average wage for the petitioner. Therefore, based on these considerations, we modify the decree to provide as follows: petitioner's child support obligation is reduced from $800 per month ($200 per child) to $700 per month ($175 per child). In addition, petitioner shall pay as monthly child support 25% of the net amount attributable to any overtime wages he may earn; however, the amount paid as child support shall not exceed $1000 per month. In order that his overtime earnings may be monitored, petitioner is required to submit on an annual basis a copy of his income tax returns to the trial court.

■ We believe that the child support award we have fashioned is a fair solution

to the problems presented by this particular case. The requirement that the petitioner pay 25% of any overtime he earns is not so burdensome as to interfere with or destroy his incentive to work overtime. Moreover, this provision reflects our belief that petitioner's child support obligation should not be so burdensome that he is *required* to work overtime to satisfy it. Finally, although we are not willing to impose a child support obligation that is beyond the petitioner's realistically anticipated income, we feel that a substantial amount of child support is justified in the instant case. The respondent wife receives no alimony under the decree. She has determined that she will be unable to work outside the home during the time that she is raising the parties' four children (the youngest of whom is two years old), and she estimates monthly expenses for herself and the children at $1021. Although both parties to a marriage are under the same legal duty to support their children, *In re Marriage of Wahl*, 246 N.W.2d 268, 272 (Iowa 1972), the obligation to support is not necessarily to be borne equally; it should be apportioned according to the reasonable ability of each parent to contribute. *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976); *Wahl*, 246 N.W.2d at 272. It is obvious that the respondent wife can realistically contribute virtually nothing to the support of the parties' children. While the award as modified may require the petitioner to refinance his outstanding obligations in order to have more income at his disposal each month, such a result is justified in light of the fact that the needs of these four children must be provided for. We therefore believe that the modified child support award fairly deals with the interests of all those involved.

### III.

■ Petitioner also contends that the property division was inequitable because his ex-wife received essentially all of the parties' net assets. Specifically, the trial court awarded the respondent wife personal property valued at $8504 and the family home with an equity of $19,517, for a total award of $28,021. Petitioner was awarded personal property valued at $1375, but was ordered to pay $5630 in debts; he thus nets a loss of $4255. We agree that this result is inequitable.

Although we acknowledge that there is no mechanical rule that each spouse must receive one half of the marital assets, *In re Marriage of Schissel*, 292 N.W.2d 421, 423 (Iowa 1980), we think that the result in the instant case is neither equitable nor justified by the criteria enumerated in *Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968) (modified to exclude fault, *In re Marriage of Williams*, 199 N.W.2d 339, 345 (Iowa 1972)). The parties are the same age and have attained the same level of education. Both seem to be in good physical and mental health. Both parties contributed to the family's well-being, the petitioner through outside employment and the respondent through caring for the home and the children. While we believe that the respondent should be able to raise the children in the family home, we see nothing to justify denying the petitioner any interest in the house. Consequently, we modify the decree to provide that the house be sold upon the occurrence of any of the following: 1) when the youngest child attains the age of 18; 2) when the respondent dies or remarries; or 3) when (and if) the respondent cohabits in the house with a member of the opposite sex. When the house is sold, respondent shall pay to the petitioner $9758 plus 10% interest thereon in satisfaction of petitioner's equitable interest in the house. Should the parties reach a mutual decision to sell the house before the time we have specified, the same provisions apply. In order to secure respondent's obligation to the petitioner, we hereby create a lien on the house in petitioner's favor.

The remaining provisions of the decree not challenged in this appeal are affirmed.

MODIFIED AND AFFIRMED.

All judges concur, except CARTER, J., who dissents in part.

CARTER, Judge (dissenting in part).

I concur in the modification to the property settlement and a reduction in child support. However, I would simply fix the child support at $700 per month and not attach any requirement of additional support based on overtime pay.