**IN THE COURT OF APPEALS OF IOWA**

No. 13-1345
Filed May 29, 2014

IN RE THE MARRIAGE OF ANA MILENA NEGRO
AND TIMOTHY CHARLES NEGRO

Upon the Petition of
ANA MILENA NEGRO n/k/a ANA MILENA CASTANEDA,
        Petitioner-Appellant,

And Concerning
TIMOTHY CHARLES NEGRO,
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Johnson County, Mary E. Chicchelly,

Judge.


        Ana Negro (n/k/a Ana Castaneda) appeals from the order modifying the

physical care provisions of the decree dissolving her marriage to Timothy Negro.

**AFFIRMED.**


        John S. Allen of the University of Iowa College of Law Clinical Law Programs,

and Brittany Bermudez and Tyler Coe, Student Legal Interns, Iowa City, for

appellant.

        Alison Werner Smith of Hayek, Brown, Moreland & Smith, L.L.P., Iowa City,

for appellee.


        Heard by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Ana Negro (n/k/a Ana Castaneda) appeals from the order modifying the physical care provisions of the decree dissolving her marriage to Timothy Negro. She argues the court improperly awarded physical care of the parties' child to Timothy and improperly excluded certain evidence. Timothy requests costs on appeal be taxed to Ana. We affirm, finding the change in physical care is in the best interests of the child, and the court did not abuse its discretion in excluding evidence. We tax the costs on appeal to Ana.

## I. Facts and Proceedings.

The parties were married in 2000. They have one child, born in 2003. The marriage was dissolved by decree in 2010. At that time, the court awarded Ana physical care of the child, pursuant to the parties' agreement. The court awarded Timothy liberal visitation and ordered him to pay child support.

Two years later, Ana decided to move to Florida to find a better chance at obtaining work. Timothy filed a petition to modify the dissolution decree and an application for an injunction to prevent Ana from removing the child from Iowa. On June 29, 2012, the court entered an order in response to Timothy's request for an injunction. Ana and Timothy agreed the child would stay with Timothy during the fall 2012 semester and move to Florida to be with Ana during the spring 2013 semester.

Ana showed an unwillingness to accept the parties' parenting arrangements. After the child visited Timothy over spring break, Timothy took the child to the airport to return to Florida and arrange for the child's flight as an "unattended child." Ana was to pick up the child from the Miami airport later that day. Instead, Ana appeared

in Iowa at the airport, and had not arranged to return to Florida until after the child was to land there.

On July 9–12, 2013, the court held a trial on Timothy's petition for modification. Timothy presented evidence that the child was routinely late to school while in Ana's care before she moved to Florida and that Ana's life was generally chaotic. Timothy also presented evidence that the child's academic performance improved after the child was placed in his care, though it continued to improve during the child's stay with his mother in Florida. The evidence showed Ana's employment and housing situation was not stable—she had moved six times since the dissolution and held several different jobs.

Ana's testimony and behavior during the pendency of the proceedings also showed her distrust and unwillingness to work with Timothy regarding care of the child. She would not give the name of the child's doctor, teacher, or address in Florida. When asked about the airport incident, she reported that she did not trust Timothy to put the child on the plane. Several witnesses testified on behalf of both Ana and Timothy, including friends, coworkers, the child's principal, and the child's therapist. Ana attempted to submit evidence into the record of Timothy's gambling and drinking prior to the 2010 dissolution decree. Timothy objected, arguing the evidence was not relevant. The objection was sustained.

The court carefully weighed all of the evidence and concluded physical care should be transferred to Timothy, with liberal visitation to Ana. The court found Ana's testimony was not credible—for example, she testified to picking up the child from school in Florida at 5:30 every day, but also that she worked to 6:00 pm every night. It found Ana's demeanor, past behavior, and testimony indicates she is less

willing to support Timothy's parenting than Timothy supports hers. The court also found Timothy's lifestyle is much more stable than Ana's. Ana appeals.

## II. Analysis.

Regarding the modification of physical care, "our review is de novo. We examine the entire record and adjudicate anew rights on the issues properly presented. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them." *In re Marriage of Smiley*, 518 N.W.2d 376, 378 (Iowa 1994) (internal citations omitted). We review a trial court's decision to exclude evidence for an abuse of discretion. *In re Marriage of Thielges*, 623 N.W.2d 232, 239 (Iowa Ct. App. 2000).

A. *Modification of physical care.*

Our review of a modification of physical care is two-fold: first, Timothy must show a material and substantial change in circumstances warranting modification and second, Timothy must show such a modification is in the best interests of the child. *Id.* "[A] finding that one of the parents can minister more effectively to the routine daily needs of the children is an essential predicate to an award of physical care." *In re Marriage of Frederici*, 338 N.W.2d 156, 160 (Iowa 1983).

Ana does not argue there was no material change in circumstances warranting modification of the dissolution decree. We therefore proceed to the second part of our inquiry: whether Timothy will provide superior daily care to the child. Ana provided physical care for two years before the filing of this action. The child's life was chaotic—the child was routinely late for school and struggled with academics. Though the situation improved in the few months before trial, Ana's stability still remains in question. Ana has not maintained employment for any length

of time, struggles to work with Timothy regarding care of the child, and has a less-stable environment in Florida. The evidence shows Timothy is able to minister more effectively to the child's daily needs. The district court properly transferred physical care to Timothy.

B. *Failure to admit evidence.*

Ana argues the district court improperly excluded evidence of Timothy's behavior prior to the dissolution. "As this was a trial in equity, the court did not need to rule on objections, but could hear all evidence subject to objections." *Wilker v. Wilker*, 630 N.W.2d 590, 597 (Iowa 2001).

> The rule of evidence in equity cases is that the trial judge, while noting objections, may not exclude offered evidence. . . . The purpose of this practice is to preserve a complete record for the trial and appellate courts, leaving to them the rejection of inadmissible evidence when deciding an issue.

*United Props., Inc. v. Walsmith*, 312 N.W.2d 66, 73–74 (Iowa Ct. App. 1981). However, even in equity, the court has broad discretion over the operation of a trial and admitting evidence under Iowa Rule of Evidence 403. *Thielges*, 623 N.W.2d at 239.

Here, we have a clear record for review due to counsel's offer of proof at trial. The offered evidence included questions relating to convictions for operating while intoxicated more than twenty years prior to the modification trial. These convictions occurred several years before the parties married and many years before the birth of the parties' child. The scope of the trial pertained to a change in circumstances since the dissolution, and Timothy's ability to provide superior care for the child. Timothy was questioned about his gambling, alcohol use, and smoking on cross-examination in the three years between the dissolution and modification trial. We

find the district court acted within its broad discretion in excluding the pre-dissolution evidence.  *See id.* at 240.

Costs on appeal are taxed to Ana.

**AFFIRMED.**