**IN THE COURT OF APPEALS OF IOWA**

No. 24-0016
Filed December 18, 2024


**MARK OWEN MITCHELL,**
     Plaintiff-Appellant,

**vs.**

**ELSIHNER SMITH,**
     Defendant-Appellee.
_____


     Appeal from the Iowa District Court for Buena Vista County, Shayne Mayer,

Judge.


     A father appeals from a decree placing physical care of three children with

the mother.  **AFFIRMED.**


     Craig H. Lane of Craig H. Lane, P.C., Sioux City, for appellant.

     John M. Murray of Murray & Murray, P.L.C., Storm Lake, for appellee.


     Considered by Buller, P.J., Langholz, J., and Mullins, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**BULLER, Presiding Judge.**

Mark Mitchell appeals from a decree that placed physical care of his three children with Elsihner Smith and ordered him to pay Elsihner child support. Mark challenges that ruling, urging that Elsihner abused one of the children and neglected the others. Elsihner requests appellate attorney fees. We affirm and deny the fee request.

## I. Background Facts and Proceedings

After Elsihner and Mark separated, all three children lived with Elsihner. The case was headed toward an agreement on physical care until Mark claimed that Elsihner physically abused one of the children and he then enrolled that child in a new school without Elsihner's consent. Elsihner repeatedly denied the abuse in sworn testimony, and police declined to investigate despite Mark urging them to do so. The record contains no evidence of criminal charges or Iowa Department of Health and Human Services (HHS) reports or findings. And the allegedly abused child did not testify at trial. Based in part on credibility findings, the district court found the evidence did not establish Elsihner physically abused any of the children.

As for the other two children (not the subjects of alleged abuse), Elsihner alleged Mark inadequately tended to one of their medical needs. And Mark criticized Elsihner for missing medical appointments. The district court, again based in part on credibility findings, found insufficient evidence to determine whether either parent had provided inadequate care to the children. But the court was critical of Elsihner not communicating fully with Mark about the children generally—and about the sick child's medical issues specifically.

As of trial, Mark lived in Newell with his wife and adult son. Both Mark and his wife worked afternoon-to-midnight shifts at a meat-packing plant, and the adult son provided care for one of Mark and Elsihner's children during the day.

Elsihner lived with her significant other, mother, sister, and other family members (for a total of sixteen people) in a six-bedroom Sac City home. Elsihner was unemployed and had recently spent a significant amount of time tending to one of the children's medical needs. While acknowledging it was "overcrowded," the court found Elsihner's living arrangement was neither unsafe nor unhygienic. The court also emphasized that, while Elsihner's home was "not ideal," the court was not persuaded Mark's living arrangement was much or any better.

After the abuse allegations, each party sought physical care of all three children. In a thirty-page decree, the district court placed physical care with Elsihner and granted Mark visitation rights, reasoning that Elsihner had been the historical primary caregiver for the children and the parties could not navigate a shared-care arrangement. Mark appeals.

## II. Standard of Review

Our review is de novo. *Thorpe v. Hostetler*, 949 N.W.2d 1, 4 (Iowa Ct. App. 2020). We give weight to the district court's fact findings, especially on credibility, given its exclusive ability "to listen to and observe the parties and witnesses." *McKee v. Dicus*, 785 N.W.2d 733, 736 (Iowa Ct. App. 2010).

## III. Discussion

Although this action is governed by Iowa Code chapter 600B (2020), we look to section 598.41 to determine physical care. *See* Iowa Code § 600B.40(2) (providing "section 598.41 shall apply" to chapter 600B proceedings).

Section 598.41 sets forth a series of nonexclusive factors to guide our consideration. And our case law sets forth similar factors. *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974).

"The objective of a physical care determination is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). Our overriding consideration "is the best interests of the child." Iowa R. App. P. 6.904(3)(n). And while we afford weight to the parent who historically acted as primary caregiver, history is not dispositive. *See, e.g.*, *Stanley v. Winters*, No. 22-1552, 2023 WL 2396539, at *2 (Iowa Ct. App. Mar. 8, 2023); *Dirks v. Eccles*, No. 19-0994, 2020 WL 2071116, at *2 (Iowa Ct. App. Apr. 29, 2020); *Flick v. Stoneburner*, No. 15-1930, 2016 WL 2743449, at *2 (Iowa Ct. App. May 11, 2016).

Before reaching the merits, we note the argument section of Mark's brief does not contain any citations to the record—contrary to the rules of appellate procedure. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) ("An argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record in accordance with rule 6.904(4)."). The absence of record citations is particularly suspect here because Mark makes a number of factual assertions—such as claims about the alleged physical abuse—that directly conflict with the credibility determinations and fact-findings of the district court. "A party's disregard of the rules may lead to summary disposition of the appeal or waiver of an issue." *State v. Lange*, 831

N.W.2d 844, 847 (Iowa Ct. App. 2013). But we elect to reach the merits of Mark's claims, nonetheless.

In short, we agree with the district court's conclusion that placing physical care with Elsihner was in the children's best interests. Although neither parent is perfect, Elsihner's role as historical primary caregiver outweighs the criticisms levied by Mark—as these criticisms were nearly all rejected by the district court based on credibility findings.

Concerning Mark's claim that Elsihner abused one of the children, we are not inclined to second-guess the credibility findings of the district court, and we see no compelling reason to do so on this record. The same goes for Mark's generalized concerns about the children's hygiene while in Elsihner's care, which the district court found were not supported by the credible evidence. On Mark's claim that he offers more stability and can parent better than Elsihner, we again defer to the district court's assessment of the live testimony. The court observed that neither parent nor their living arrangements were ideal, and credibility findings afford Mark's allegations little weight compared to Elsihner's historical role as caregiver.

We are also unpersuaded by Mark's claim that Elsihner allowing the allegedly abused child to live with Mark before trial undermines Elsihner's suitability as a parent. Although we recognize the situation may not quite warrant the King Solomon comparison drawn in Elsihner's brief, we are not inclined to penalize a parent for agreeing to changed living arrangements for a child while abuse allegations are investigated or litigated. And the district court's ruling placing physical care of all three children with Elsihner ensures the siblings—who

have a good relationship—live and attend school together. *See In re Marriage of Smiley*, 518 N.W.2d 376, 380 (Iowa 1994) ("Siblings should not be separated from one another without good and compelling reasons.").

In her brief, Elsihner asks that we order Mark to pay her appellate attorney fees. The only basis for this request is that Mark failed to complete a parenting course before trial. The district court denied trial-attorney fees on this basis. Assuming without deciding such a request to us on this basis is proper, we exercise our discretion to deny it. This denial is without prejudice to any relief Elsihner may seek from the district court if, as suggested, Mark still has not taken the course as of this opinion's filing.

**AFFIRMED.**