**IN THE COURT OF APPEALS OF IOWA**

No. 19-1447
Filed June 3, 2020

**LEAH QUINN SMITH, n/k/a LEAH QUINN JONES,**
     Plaintiff-Appellee,

**vs.**

**JEREMY RICHARD SMITH,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, Wyatt P. Peterson, Judge.

A father appeals the district court decision denying his request to modify the physical care provision of the parties' dissolution decree. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Robert N. Johnson III of Law Office of Robert N. Johnson III, Fort Madison, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

Jeremy Smith appeals the district court decision denying his request to modify the physical care provision of the parties' dissolution decree. We conclude Jeremy has not met his heavy burden to establish a material and substantial change in circumstances that would justify a modification of physical care. We decline to award appellate attorney fees. We affirm the district court's decision dismissing Jeremy's petition to modify the decree.

## I.     Background Facts & Proceedings

Jeremy and Leah were previously married. They had one child together, who was born in 2010. A consent dissolution decree for the parties was entered in Michigan in 2016. The parties were granted joint legal custody of the child, with Leah having physical care. Jeremy was ordered to pay child support and was granted "parenting time with the minor child as is agreed upon by the parties." At the time of the dissolution, Leah and the child lived in Keokuk, Iowa, where Leah's family also lived.

On June 1, 2018, Jeremy filed a petition in Iowa seeking to modify the dissolution decree. Jeremy claimed there had been a substantial change in circumstances and the child should be placed in his physical care or in the parties' joint physical care. He raised concerns about the child's school performance and attendance at school and recurring incidents of head lice.

At the time of the modification hearing, Jeremy was living in Blandinsville, Illinois, which was about forty-five to fifty minutes east of Keokuk. He worked for a manufacturer as a field service representative, earning $86,500 per year. Jeremy lived with his girlfriend.

Leah lived in Keokuk with the parties' child; a child from a prior relationship, who was sixteen years old; and her boyfriend. She was a co-owner of a local radio station and earned about $30,000 per year. Leah lived near her parents, sister, and sister's children. The parties' child has a close relationship with her maternal relatives. She attends school in Keokuk and is involved in extracurricular activities.

The district court denied the request for modification. The court found Jeremy had not presented evidence of a substantial change in circumstances that was "more or less permanent." The court found the incidents of head lice were "temporary, albeit for longer than anyone wanted." Furthermore, the child was doing better in school and no longer had problems with attendance. The court concluded Jeremy did not meet his heavy burden to show physical care of the child should be modified. Jeremy now appeals.

## II.      Standard of Review

In this equitable action, our review is de novo. *In re Marriage of Vaughan*, 812 N.W.2d 688, 692 (Iowa 2012). We examine the entire record and adjudicate the issues anew. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). We give weight to the fact findings of the district court, especially in determining the credibility of witnesses, but are not bound by these findings. Iowa R. App. P. 6.904(3)(g); *In re Marriage of Olson*, 705 N.W.2d 312, 313 (Iowa 2005). Our overriding consideration is always the child's best interests. Iowa R. App. P. 6.904(3)(o).

## III.      Physical Care

Jeremy contends the district court should have found that he proved there was a substantial change in circumstances since the dissolution decree was filed.

He states the child's school-related problems and extended period of having head lice should be considered substantial changes in circumstances. He asserts it is in the child's best interests to be placed in his physical care or in the parties' joint physical care.

On the issue of modification of physical care, the Iowa Supreme Court has stated:

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).

On the issue of head lice, the district court found the child's problem with head lice was not "more or less permanent," but was temporary. The parties agreed the child did not have head lice at the time of the modification hearing and had not had any since November 2018. Additionally, the court noted head lice was not a material change in circumstances sufficient to modify physical care. *See In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006) (noting the changed conditions must be material and substantial); *Shaw v. Case*, No. 16-2215, 2017 WL 2875881, at *1 (Iowa Ct. App. July 6, 2017) (finding head lice was not a material change in circumstances). We agree with the district court's conclusions.

The child's history of having head lice was not a material or permanent change in circumstances.

In considering the child's performance and attendance at school, the court found "it is undisputed that the child's performance in her third grade year drastically improved and her attendance improved as well." Jeremy agreed that the child was doing very well in school by the time of the modification hearing but claimed this was because he filed a petition to modify. The court concluded "[t]he evidence does not establish that the change in attendance and performance in the child's third grade year was a result of the Petition being filed."

The evidence showed the child missed a substantial number of days in second grade because of illness, and due to missing school, the child's performance suffered. Both parents worked with school officials to improve the child's school work, and by the time of the modification hearing the child was doing much better. We do not disregard the father's concerns surrounding the child's absences, in particular, the fact that it rose to the level of necessitating a truancy action in the previous school year. We agree, however, with the district court's conclusion that the child's problems with attendance and performance at school were not permanent and had been resolved by the time of trial.

Furthermore, Jeremy has not shown he could "minister more effectively to the child[ ]'s well-being." *See Frederici*, 338 N.W.2d at 158. Leah has been the child's primary caregiver throughout her life. Also, the child has lived with her half-brother her entire life, and they have a close relationship. *See In re Marriage of Pundt*, 547 N.W.2d 243, 245 (Iowa Ct. App. 1996) ("There is a presumption that siblings should not be separated.").

We conclude Jeremy has not met his heavy burden to show "there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." *See In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). The temporary problems cited by Jeremy do not constitute a substantial change in circumstances. *See Pals*, 714 N.W.2d at 646 (stating a substantial change in circumstances must be "more or less permanent or continuous, not temporary" (citation omitted)). Accordingly, we affirm the district court's decision dismissing Jeremy's petition to modify the decree.

## IV. Attorney Fees

Leah requests attorney fees for this appeal. Appellate attorney fees are not awarded as a matter of right but rest within the court's discretion. *In re Marriage of Stenzel,* 908 N.W.2d 524, 538 (Iowa Ct. App. 2018). In considering appellate attorney fees, we look to "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (quoting *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006)). Bearing in mind those factors, we decline to award appellate attorney fees. We assess costs on appeal to Jeremy. We affirm the decision of the district court.

**AFFIRMED.**